IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DILLON COMPANIES LLC, d/b/a KING SOOPERS,

    Plaintiff,

v.

UNITED FOOD AND COMMERCIAL WORKERS, LOCAL UNION NO. 7,

    Defendant.

## COMPLAINT

Dillon Companies, LLC d/b/a King Soopers ("Plaintiff" or "King Soopers"), for its claims against United Food and Commercial Workers ("UFCW"), Local Union No. 7 ("Local 7"), states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages suffered as a result of Defendant's continuing pattern of threatening, coercive, and restraining actions, taken for unlawful purposes in violation of the National Labor Relations Act and actionable in federal court under Section 303(a) of the Labor Management Relations Act.

2. The National Labor Relations Act ("NLRA"), Section 8(b), prohibits unions from taking coercive, threatening, and/or restraining actions with a purpose of forcing or requiring an employer to bargain with labor unions who do not represent their employees or forcing or requiring an employer to bargain on a group basis. *See* 29 U.S.C. §158(b)(4)(A), (B), & (C).

59769551.1

3. Despite these statutory restrictions, Local 7 has engaged in a pattern of coercive, restraining, and threatening conduct with a purpose of forcing King Soopers to bargain with unions other than Local 7, culminating in repeated threats of strikes and calling and supporting an unlawful strike by Local 7 members against King Soopers for prohibited purposes under Section 8(b)(4) of the NLRA.

4. A substantial purpose of Local 7's actions, strike threats, and its sanctioned strike against King Soopers is to force King Soopers to bargain collectively, not solely with Local 7, but with different labor unions representing non-King Soopers employees outside of Colorado, including the Teamsters Local 38 based in Everett, Washington; UFCW Local 3000 based in Des Moines, Washington; UFCW Local 770, based in Los Angeles, California; and UFCW Local 324 based in Buena Park, California.

5. As a result, under Section 303(b) of the Labor Management Relations Act ("LMRA") Local 7 is accountable and must pay King Soopers for all damages caused by its unlawful conduct, as well as the costs of bringing this lawsuit. 29 U.S.C. §187(b).

6. King Soopers brings this Complaint to restore its losses sustained by Local 7's unlawful and prohibited actions, as well as any future losses it may incur before Local 7 ceases its unlawful conduct.

**PARTIES & OTHER LABOR UNIONS**

7. Plaintiff Dillon Companies, LLC d/b/a King Soopers is a Kansas limited liability company. Plaintiff is engaged in interstate commerce and an industry affecting commerce within the meaning of 29 U.S.C. § 187 and operates grocery stores under the King Soopers and City

59769551.1

Market banners in Colorado. The Plaintiff's principal place of business in Colorado is located at 65 Tejon Street, Denver, Colorado 80223.

8.   Defendant Local 7 is an unincorporated voluntary association and a labor organization which represents employees of King Soopers in Colorado, carries out its purposes and business, maintains offices, and is established in Colorado and Wyoming.

9.   The Teamsters Local 38 is a labor organization that is neither the certified representative of King Soopers' associates nor represents King Soopers' associates.

10.  The UFCW Local 324 is a labor organization that is neither the certified representative of King Soopers' associates nor represents King Soopers' associates.

11.  The UFCW Local 770 is a labor organization that is neither the certified representative of King Soopers' associates nor represents King Soopers' associates.

12.  The UFCW Local 3000 is a labor organization that is neither the certified representative of King Soopers' associates nor represents King Soopers' associates.

## JURISDICTION AND VENUE

13.  This Court has subject matter jurisdiction over Plaintiff's claims under Section 303(b) of the LMRA, 29 U.S.C. § 187(b), because this Complaint concerns Defendant's unlawful actions arising under Section 8(b)(4) of the NLRA, 29 U.S.C. § 158(b)(4).

14.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Defendant maintains its principal office in this District.

## FACTUAL ALLEGATIONS

### Background

15. Local 7 represents associate grocery store employees of King Soopers and City Market in certain locations in Colorado in multiple retail clerks and meat associate bargaining units, which have been recognized and certified under the National Labor Relations Act.

16. Local 7 is the exclusive bargaining representative for these King Soopers' Colorado bargaining units. As such, King Soopers' bargaining obligations for these units are limited to Local 7.

17. Multiple collective bargaining agreements between King Soopers and Local 7 covering the Colorado associates expired on or about January 16, 2025.

18. Collective bargaining negotiations for new labor contracts between Local 7 and King Soopers began in October 2024 and have not resulted in new agreements.

### Local 7 Announces its Intent to Force Multi-Union Bargaining on King Soopers

19. At the onset of negotiations, Local 7 announced its intent to require King Soopers to negotiate with other labor unions, including the Teamsters Local 38, the UFCW Local 324, the UFCW Local 770, and the UFCW Local 3000.

20. On or before October 2024, Local 7 discussed and/or agreed with multiple other labor unions, including the Teamsters Local 38, the UFCW Local 324, the UFCW Local 770, and the UFCW Local 3000 to consolidate their bargaining and other efforts to force multi-union bargaining on King Soopers and other employers without bargaining relationships with the labor

unions. Indeed, in April 2024, the Local 3000 unions' President's vision to win coordinated national contracts to transform the entire grocery industry was publicly reported.[1]

21.     On October 17, 2024, Local 7 and the other four unions (together, the "Local Unions") sent a letter to King Soopers' lead negotiator announcing this unlawful purpose. The October 17, 2024 letter stated that the Local Unions signatories to the letter "inform you that we will be coordinating our bargaining with King Soopers and City Market in negotiations for collective bargaining agreements with King Soopers and City Market that are scheduled to expire in 2025." The letter further informed Plaintiff that Local 7's efforts to force multi-union bargaining on King Soopers "in no way limits our coordination with other locals not signatory to this letter."

22.     On October 20, 2024, King Soopers responded by letter and objected to Local 7's announced intent to force multi-union bargaining. King Soopers explained that "[b]ecause King Soopers and City Market do not have bargaining relationships or collective bargaining agreements with the other Locals in your letter, we are not agreeable to their participation in upcoming contract negotiations for successor agreements covering the bargaining units that Local 7 represents."

23.     In order to pursue its unlawful multi-union bargaining objectives, Local 7 has ceded some or all of its control and decision-making on contract proposals and strategies to assert or make during negotiations with King Soopers to other labor organizations.

24.     At the parties' first bargaining session on October 22, 2024 in Denver, the President of UFCW Local 3000, who attended despite being based on the West Coast, reiterated the Unions' goal of forcing multi-union bargaining and stated that the various different Unions had a national

---

[1] *See* https://inthesetimes.com/article/revolt-aisle-5-ufcw-grocery-workers-union

59769551.1

strategy and did not intend to allow King Soopers and other employers to continue bargaining with local unions independently.

25. The Local Unions' attempts to force multi-union negotiations were further made clear and evidenced by a publicly-posted bargaining update from the UFCW Local 3000 on or about October 23, 2024, which recognized the improper arrangements made between Local 7 and other unions. It included the following statement:

> We're gearing up for a fight in 2025. Our UFCW 3000 and Teamsters 38 Bargaining Team members met on October 22 to begin reviewing <u>our coordinated plan of action and proposals from our united coalition</u>. On the same day, our union's President, Faye Guenther <u>joined UFCW local 7 at their bargaining table in Denver</u>. . . . . The Colorado 10-day ULP strike by UFCW local 7 in 2022 helped pave the way for our contract negotiations that same year and the most significant wage increase we've ever seen. Together, united, UFCW 3000, UFCW local 7, and Teamsters local 39 <u>will coordinate proposals and actions</u> to show Kroger and Albertsons that again in 2025, when we stand together, we win.[2]

(Emphasis added.)

### Local 7's Actions to Further its Unlawful Purpose
### Despite King Soopers' Objections

26. On November 1, 2024, King Soopers sent a letter to Local 7 noting its continuing objections to Local 7's attempt to force or require bargaining with unions "that are not a party to a collective bargaining agreement, and have no bargaining relationship, with King Soopers / City Market."

27. Despite King Soopers' repeated and ongoing objections, Local 7 continued to act in accordance with its stated purpose to require coordinated, multi-union bargaining with

---

[2] https://ufcw3000.org/news/2024/10/23/puget-sound-allied-grocery-stores-united-from-rockies-to-pacific-for-better-wages-and-staffing.

representatives of Local 7, the Teamsters Local 38, the UFCW Local 3000, the UFCW Local 770, and the UFCW Local 324.

    28.    Among the actions taken and facts confirming Local 7's improper and unlawful attempts to force King Soopers to negotiate with unions other than Local 7 are:

    a.    Stalling, delaying, and refusing to make meaningful proposals during months of bargaining and refusing to make any wages proposals to date;

    b.    Having representatives from other unions attend and participate in contract negotiations with King Soopers in Colorado;

    c.    Bringing in outside representatives, including John Marshall, to present PowerPoint presentations and data related to Local 7's attempts to have King Soopers accept proposals generated and made by other unions;

    d.    Making proposals at the direction of other labor organizations to change the King Soopers' contract expiration date designed to coincide with the likely future expiration date for UFCW Local 324 and Local 770's contracts with different employers;

    e.    Refusing to make proposals, or negotiate over mandatory subjects, such as staffing matters for King Soopers' Colorado bargaining units, without the permission and/or sanctioning of other Unions that do not represent King Soopers' employees;

    f.    Threatening, calling, and supporting a strike against King Soopers for the purpose of requiring King Soopers to bargain with and agree on proposals and issues with other unions.

29. During the week of Monday, January 27, 2025, despite not even making a wage proposal, Local 7 called for, coordinated, and orchestrated strike authorization votes among King Soopers' employees.

30. Local 7 engaged in the actions described in paragraph 29 to secure authorization to allow it to threaten and call a strike against King Soopers to support and achieve an unlawful purpose.

31. In communicating with its members asking about when a strike may be called, Local 7 reiterated that the strike would be called to support its attempts to force King Soopers into multi-union bargaining, including but not limited to messages informing King Soopers' associates that "we are trying to link up all sections of UFCW together so we all do it as one."

32. Local 7's unlawful purpose of forcing King Soopers into multi-union bargaining with the other Local Unions identified above was recently reported and tied to a coalition of multiple, different labor unions calling themselves Essential Workers for Democracy (EW4D) in a February 4, 2025 article stating:

> A coalition of UFCW Locals 7, 324, 770, and 3000 helped defeat the largest proposed grocery merger in US history between Kroger and Albertsons. Now these locals are <u>collaborating on contract negotiations</u> and sending support to the King Soopers strike in Colorado. <u>We don't have a national bargaining table yet</u>, but EW4D members understand the value of solidarity between [sic] locals across the country, and striking Colorado workers have our full support.[3]

(Emphasis added.)

33. Local 7 made clear to King Soopers that a strike and work stoppage was imminent by sending a letter on Friday, January 31, 2025 requesting information related to the Union's

---

[3] https://jacobin.com/2025/02/kroger-king-soopers-strike-ufcw

8

59769551.1

obligations take "reasonable precautions" to protect employer property prior to striking and avoid foreseeable risks of harm or face damages actions permitted under applicable law.

34. In its January 31, 2025 letter, Local 7 unreasonably requested detailed information related to its own legal obligations and asked that such detailed information be provided within forty-eight (48) hours, refusing to permit King Soopers a reasonable period of time to object and respond to the information request.

35. On February 3, 2025, Local 7 continued its strike threat against King Soopers by issuing a letter to members announcing a two-week strike to begin at 5:00 a.m. on Thursday, February 6, 2025.

36. Local 7's threats of an imminent work stoppage caused King Soopers to incur significant costs and damages to make and implement contingency plans to operate its stores during the Union's unlawful conduct.

37. Local 7 called for, directed, financially assisted, and otherwise supported a strike among its member employees of King Soopers on February 6, 2025.

38. A purpose of Local 7's actions described in paragraphs 26 through 37 is to force or require King Soopers to bargain on a multi-union basis, including with unions that do not have collective bargaining agreements with King Soopers, who do not represent King Soopers' associates, and are not certified representatives of King Soopers' associates.

39. A purpose of the threatened strike, the strike, and Local 7's other coercive actions was also to force King Soopers to bargain on a group basis with other employers, such as Ralphs in southern California.

40. As a direct and proximate result of Defendant's unlawful actions and strike, Plaintiff has suffered substantial damages, including but not limited to damages, costs, expenses, incurred to continue operating its stores for the Colorado communities they serve, lost sales and profits, lost business opportunities, and lost/damaged goodwill.

## CLAIMS FOR RELIEF

*Damages for Defendant's Unlawful Conduct Under
Section 303(b) of LMRA, 29 U.S.C. § 187(b)*

### COUNT I

41. Paragraphs 1 through 40 are incorporated by reference as though fully set forth herein.

42. As detailed above, Defendant has engaged in coercive and threatening conduct, including threatening, calling, and supporting an unlawful strike and encouraging others to engage in such conduct with the objective of forcing or requiring King Soopers to bargain with labor organizations that are not the certified bargaining representative of its employees under Section 9 of the National Labor Relations Act.

43. Defendant's actions, conduct, threats, and strike activity as described above constitute unlawful conduct in violation of Section 8(b)(4)(B) of the NLRA, 29 U.S.C. § 158(b)(4)(B).

44. Pursuant to 29 U.S.C. § 187(b), Plaintiff is entitled to recover the damages sustained by Defendant's unlawful conduct and the costs of this suit.

### COUNT II

45. Paragraphs 1 through 44 are incorporated by reference as though fully set forth herein.

46. As detailed above, Defendant has engaged in coercive and threatening conduct, including threatening, calling, and supporting an unlawful strike and encouraging others to engage in such conduct with the objective of forcing or requiring King Soopers to bargain with other labor organizations when Local 7 has been the only recognized and certified bargaining representative for King Soopers' unionized employees in Colorado.

47. Defendant's actions, conduct, threats, and strike activity as described above constitute unlawful conduct in violation of Section 8(b)(4)(C) of the NLRA, 29 U.S.C. § 158(b)(4)(C).

48. Pursuant to 29 U.S.C. § 187(b), Plaintiff is entitled to recover the damages sustained by Defendant's unlawful conduct and the costs of this suit.

### COUNT III

49. Paragraphs 1 through 48 are incorporated by reference as though fully set forth herein.

50. As detailed above, Defendant has engaged in coercive and threatening conduct, including threatening, calling, and supporting an unlawful strike and encouraging others to engage in such conduct with the objective of forcing or requiring King Soopers to bargain on a joint basis with other employers.

51. Defendant's actions, conduct, threats, and strike activity as described above constitute unlawful conduct in violation of Section 8(b)(4)(C) of the NLRA, 29 U.S.C. § 158(b)(4)(A).

52. Pursuant to 29 U.S.C. § 187(b), Plaintiff is entitled to recover the damages sustained by Defendant's unlawful conduct and the costs of this suit.

59769551.1

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter a judgment:

A.  Ordering Defendant to pay Plaintiff for all costs, expenses, and damages sustained by Plaintiff as a result of Defendant's unlawful conduct pursuant to Section 303(b) of the LMRA, 29 U.S.C. § 187(b) and (c);

B.  Awarding Plaintiff its reasonable attorneys' fees and costs incurred for this action pursuant to Section 303(b) of the LMRA, 29 U.S.C. § 187(b) and (c);

C.  Granting Plaintiff such further legal and equitable relief as the Court may order.

DATED:  February 7, 2025

                    TAFT STETTINIUS & HOLLISTER

                    *s/ Raymond M. Deeny*
                    Raymond M. Deeny
                    90 South Cascade Avenue
                    Suite 1500
                    Colorado Springs, CO 80903
                    Telephone: (719) 475-2440
                    E-Mail: rdeeny@taftlaw.com

                    *s/ Kellie Nelson Fetter*
                    Kellie Nelson Fetter
                    675 Fifteenth Street, Suite 2300
                    Denver, CO 80202
                    Telephone: (303) 297-2900
                    Fax: (303) 298-0940
                    E-Mail: kfetter@taftlaw.com

                    *Attorneys for Plaintiff*

59769551.1