IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00417-CNS-SBP

DILLON COMPANIES LLC, d/b/a KING SOOPERS,

    Plaintiff,

v.

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION,
LOCAL NO. 7, AFL-CIO,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO STAY DISCOVERY**

---

**Susan Prose, United States Magistrate Judge**

    This matter comes before the court on the Motion to Stay Discovery ("Motion" or "Motion to Stay") filed on May 23, 2023, by Defendant United Food and Commercial Workers International Union, Local No. 7, ALF-CIO ("Defendant" or the "Union"). ECF No. 19. The court considers the Motion pursuant to 28 U.S.C. § 636(b)(1) and the memorandum referring the Motion dated May 27, 2025. ECF No. 20. Plaintiff Dillon Companies, d/b/a King Soopers ("Plaintiff" or "King Soopers") responded in opposition to the Motion on June 4, 2025, ECF No. 24, and Defendant filed a reply on June 18, 2025. ECF No. 28.

    Upon review of the briefing on the Motion to Stay, the applicable case law, and the entire docket, as well as the parties' presentations at the oral argument on June 20, 2025 (ECF No. 30), the Motion to Stay is respectfully **DENIED**.

## BACKGROUND

King Soopers initiated this action on February 7, 2025, alleging that the Union violated Section 8(b) of the National Labor Relations Act ("NLRA") by "engag[ing] in a pattern of coercive, restraining, and threatening conduct with a purpose of forcing King Soopers to bargain with unions other than Local 7[.]" ECF No. 1 ¶ 3. The Union filed a motion to dismiss the action in its entirety on April 8, 2025. ECF No. 11 ("Defendant's Motion to Dismiss"). King Soopers filed a motion to dismiss the Union's counterclaims on May 8, 2025. ECF No. 15. The motions to dismiss are fully briefed and remain pending before United States District Judge Sweeney.

On May 23, 2025, the Union filed the instant Motion to Stay, asking that discovery be stayed pending resolution of both motions to dismiss. ECF No. 19. The Union argues that a stay of discovery should be imposed because the parties are in the midst of negotiations attempting to arrive at a new collective bargaining agreement ("CBA"), and that "other union locals and other employers, are also engaged in ongoing negotiations for the working conditions of over 100,000 workers in multiple states across the country." *Id.* at 3-4. Staying discovery at this juncture, the Union contends, is necessary "to avoid exposing negotiation strategies" during the collective-bargaining process, *id.* at 4-5, and thus the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006), are satisfied. ECF No. 19 at 4-6. In addition, the Union argues, a stay is called for because both pending motions to dismiss "raise issues of jurisdiction that could resolve the case without subjecting the parties to the burdens of discovery." ECF No. 19 at 6.

King Soopers opposes a stay, arguing that the fact that unions who are not parties to this case also are engaged in ongoing negotiations "is precisely why the Court should deny the

2

motion" to stay. ECF No. 24 at 1. According to King Soopers, staying discovery in the case would "insulate and would perpetuate the violation of Section 8(b)(4) of the NLRA that King Soopers alleges in this suit—the Union's efforts to force King Soopers to bargain on a group basis with other local unions." *Id.*

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, Federal Rule of Civil Procedure 26(c) does permit a court "to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in connection with the discovery process. Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

A stay of discovery is generally disfavored in this District. *See, e.g.*, *LS3, Inc. v. Cherokee Fed. Sols., LLC*, No. 20-cv-03555-PAB-NYW, 2021 WL 4947284, at *2 (D. Colo. Aug. 26, 2021); *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT, 2015 WL 1650900, at *1 (D. Colo. April 8, 2015); *Rocha v. CCF Admin.*, No. 09-cv-01432-CMA-MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007)). Even so, the decision to stay discovery always rests firmly within the sound discretion of the court. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis*, 299 U.S. at 254-55 ("[T]he power to stay

3

proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). And certain questions—including whether the court has subject matter jurisdiction—should be resolved at the earliest stages of litigation and present particularly compelling grounds for a stay. *See, e.g.*, *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (recognizing that courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues") (collecting cases); *Sandoval v. United States*, No. 11-cv-01533-REB-KLM, 2011 WL 3682768, at *2 (D. Colo. Aug. 23, 2011) ("Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient."); *String Cheese Incident*, 2006 WL 894955, at *2 (finding that "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense").

In ruling on a motion to stay discovery, courts in this District typically weigh five factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident*, 2006 WL 8949955, at *2.

**ANALYSIS**

4

**I.      Jurisdictional Issue**

As a preliminary matter, the court addresses the Union's argument that discovery should be stayed because its Motion to Dismiss raises a jurisdictional issue. ECF No. 19 at 6-7. Because a court must satisfy itself "as to [its] own jurisdiction at every stage of the proceeding," *Fabrizius v. Dep't of Agric.*, 129 F.4th 1226, 1240 n.8 (10th Cir. 2025) (quotation and citations omitted), a challenge to the court's subject matter jurisdiction ordinarily justifies a stay of discovery. In the absence of jurisdiction, after all, any order issued by the court would be a nullity. *See Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 542, 544 n.5, 555 (10th Cir. 2016) (remanding case to dismiss for lack of jurisdiction where the district court assessed the merits of the case based on "some generous assumptions" about jurisdiction, and emphasizing that a ruling based on incorrect assumptions about jurisdiction "is no ruling at all").

Here, while Defendant's Motion to Dismiss previews a possible jurisdictional defect in the event of an amendment of King Soopers' pleading, ECF No. 11 at 14-15, a careful review of the Motion shows that the Union does not in fact contend that that the complaint, as currently pleaded, should be dismissed for lack of subject matter jurisdiction. *See generally id.* Rather, the Motion to Dismiss asks the court to dismiss the action for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 5 ("King Soopers failed to plead facts that would support any of these claims as a matter of law and therefore each must be dismissed"); *id.* at 8 (King Soopers "failed to state a claim under 29 U.S.C. § 158(b)(4)(i)(B) because [it] does not allege any fact that would support the allegation that Local 7 forced King Soopers to negotiate with any other party"); *id.* at 9 ("King Soopers does not and cannot allege that Local 7 'forced or required [it] to recognize or bargain with [another

union] as the representative of [its] employees'") (alterations in original); *id.* at 11 ("King Soopers failed to state a claim under 29 U.S.C. § 158(b)(4)(i)(A) because the actions alleged do not amount to a secondary boycott").[1] These failure-to-state-a-claim arguments do not call into question the existence of the court's jurisdiction to consider the claims, even if the Union may ultimately prevail on its argument that King Soopers has failed to allege facts that amount to a violation of the NLRA. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (citation and quotation omitted).

The proper characterization of Defendant's Motion to Dismiss—that is, whether it hinges on a jurisdictional defect or failure to state a plausible claim for relief—was discussed at length at the oral argument, with the court hearing from both parties on this point. Counsel for the Union acknowledged that a jurisdictional defect would be implicated only in connection with a potential amendment, and this acknowledgment comports with the plain language of the Motion itself. Defendant's Motion to Dismiss, put simply, is one brought pursuant to Rule 12(b)(6) and not Rule 12(b)(1). Therefore, the threshold issue of subject matter jurisdiction is not presented in Defendant's Motion to Dismiss, and a stay of discovery is not justified for that reason.

As the Union notes, however, King Sooper's Motion to Dismiss the Union's

---

[1] This court expresses no opinion on the merits of Defendant's Motion to Dismiss, which it has reviewed only for the purpose of ascertaining whether the Union seeks dismissal on jurisdictional grounds.

counterclaims does raise jurisdictional arguments. *See* ECF No. 15 at 2 (arguing that the counterclaims should be dismissed as "preempted by the [Labor Management Relations Act] or the NLRA under the doctrine set forth in *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959)"). While acknowledging that *Garmon* preemption is jurisdictional, *see* ECF No. 24 at 7, King Soopers counters that "dismissal on . . . *Garmon* preemption grounds would not eliminate the Union's claims, but would instead allow them to move forward either before the [National Labor Relations Board] or through arbitration," and that "[e]vidence obtained in discovery in this case could be used" in those other proceedings. ECF No. 24 at 7-8.

Whatever the impact of *Garmon* preemption might be, the court exercises its discretion to find that a partial challenge to jurisdiction—a challenge aimed only at the Union's counterclaims—does not necessitate halting the progress of this litigation by staying discovery. Therefore, the court will turn to an assessment of the *String Cheese* factors to evaluate whether a stay should be imposed for other reasons.

**II.     *String Cheese* Factors**

The court finds that, on balance, the *String Cheese* factors weigh against granting a stay in this case.

    **A.     Factors One and Two: Plaintiff's Interest in Proceeding Expeditiously and the Burden on Defendant**

The parties vigorously dispute the proper balancing of King Soopers' interest in proceeding expeditiously with the burdens discovery will impose on the Union.

The Union emphasizes that opening discovery in the midst of collective-bargaining negotiations will expose not only the Union's strategies in its talks with King Soopers, but also the negotiating strategies of third parties, including "other union locals and other employers"

7

who "are also engaged in ongoing negotiations for the working conditions of over 100,000 workers in multiple states across the country." ECF No. 19 at 3. But this, King Soopers counters, is precisely why it brought suit in the first place and why the court should refrain from entering a stay: "The Union's motion seeks to insulate and would perpetuate the violations of Section 8(b)(4) of the NLRA that King Soopers alleges in this suit—the Union's efforts to force King Soopers to bargain on a group basis with other local unions." ECF No. 24 at 1. King Soopers argues that the ongoing negotiations, and the threat of continuing strike activity, "only increase King Soopers' interest here," and that a delay in discovery "until the Union has achieved its unlawful objective of obtaining a CBA that is a product of coordinated proposals and actions of various local unions and forced multi-unit bargaining would harm King Soopers by allowing the unlawful actions to go without judicial intervention or interpretation indefinitely." *Id.* at 9. The Union rejects this characterization, dismissing the idea of achieving a "coordinated national contract" as nothing more than a "boogeyman," undermined by facts showing that other local unions have already reached agreements with their King Soopers' counterparts. ECF No. 28 at 3-4.

This court cannot weigh the merits of these competing positions in evaluating whether a stay should be imposed. *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *2 (D. Colo. Mar. 15, 2021) (recognizing that "no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case") (quoting *Sexton v. City of Colorado Springs*, No. 20-cv-00108-PAB-KMT, 2020 WL 1875146, at *4 (D. Colo. Apr. 15, 2020) (quoting *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at

8

*5 n.3 (D. Colo. Feb. 26, 2020); citing *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017)); *see also Estate of Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *2 (D. Colo. Dec. 12, 2019) ("examining the merits . . . on a motion to stay discovery would essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay and inappropriately usurping the District Judge's authority to determine the merits of the Motion to Dismiss").[2] However, the court acknowledges that King Soopers "undoubtedly ha[s] an interest in proceeding expeditiously." *Sanchez*, 2020 WL 924607, at *5. In claiming multiple ongoing violations of federal law, King Soopers has made a sufficient showing that it will suffer prejudice if discovery is delayed; the fact that the Union believes King Soopers ultimately will not prevail does not negate its opponent's interest in proceeding expeditiously. The court therefore finds that the first *String Cheese* factor weighs against staying discovery.

Turning next to the burden-on-the-defendant factor, the Union unquestionably has described burdens it will face if discovery proceeds. However, while the court in no way discounts the importance of the collective-bargaining process, it cannot find that the burdens the Union has articulated are substantially different in kind from those which may appear in other cases where the litigating parties maintain an ongoing relationship. *See, e.g.*, *Nagel v. DFL Pizza, LLC*, No. 21-cv-00946-DDD-SBP, 2024 WL 5095295, at *3 (D. Colo. Nov. 25, 2024) ("The second *String Cheese* factor assesses whether discovery would place an *undue* burdens on a defendant, and the ordinary discovery burdens associated with litigation generally do not constitute an undue burden.") (emphasis in original). Not all litigation exists in an after-the-fact

---

[2] The Motions to Dismiss have not been referred to the undersigned for a recommendation.

vacuum where the parties' connections are effectively severed and only discrete past events are at issue. In cases like this one where ongoing relationships are in play, litigation can proceed with the court guarding the discovery process to avoid the burdens of discovery crossing the line from ordinary and manageable to undue and untenable.

For these reasons, the court finds that the burden the Union will face if discovery proceeds does not rise to the level of "undue." The second *String Cheese* factor also tips against a stay.

### B.     Factor Three: Convenience to the Court

The Union forecasts that "inevitable disputes that will arise if the parties are forced to conduct discovery during active bargaining." ECF No. 28 at 6. The Union may be right. But that does not compel the conclusion that stopping all discovery facilitates the interests of the court.

"Entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable." *Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2016 WL 9344066, at *2 (D. Colo. Nov. 7, 2016). In addition, the court does not find that judicial economy will be significantly enhanced by deferring discovery, especially in light of the Stipulated Protective Order that has been entered in this matter. *See* ECF No. 29. The Protective Order may not eliminate every discovery dispute, but its detailed regimen for managing confidential and "highly confidential" information will go far toward ensuring that the discovery process runs as smoothly as possible. In any event, the undersigned understands that a critical component of her charge as a United States Magistrate Judge is to manage the case by resolving disputes that arise during discovery. The court therefore

does not prioritize its convenience over other considerations and finds that that the third *String Cheese* factor weighs against a stay.

      **C.**      **Factors Four and Five: The Interests of Non-Parties and the Public**

Both sides point to reasons for concluding that these factors favor their competing positions.

King Soopers asserts that discovery ought to proceed expeditiously because the alleged "unlawful coordination of the strike with other unions" has caused disruption for "tens of thousands of King Soopers employees and many more King Soopers customers." ECF No. 24 at 10. The Union counters that "the interests of third parties and the public are best served" by focusing on negotiations that will allow the parties to more "quickly reach[] a fair CBA"— negotiations which, the Union asserts, will be hindered by discovery. ECF No. 28 at 7.

The court has no reason to doubt the validity of either side's perspective. Whether discovery is stayed or the case proceeds, that decision is certain to have some impact on persons who are not parties to the case. Precisely what that impact may be, and how consequential, the court cannot predict with certainty. As a general matter, however, the public's "primary interest in this case is an efficient and just resolution." *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). Taking into account the time it may take to resolve the pending dispositive motions, as well as the available tools for effectively managing discovery, the court finds that the public interest in speedily resolving this dispute is more efficaciously  promoted by allowing discovery to proceed. *See Warden v. Tschetter Sulzer, P.C.*, No. 22-cv-00271-WJM-NRN, 2022 WL 1487576, at *3 (D. Colo. May 11, 2022) (recognizing that "[t]he overburdened district judges of this Court may take up to six months or longer to get

to a dispositive motion") (citing *Wood v. Kelley*, No. 20-cv-01221-PAB-NRN, 2021 WL 795490, at *5 (D. Colo. Mar. 2, 2021) (stating that, in 2020, "the weighted civil case filings per judgeship show that the District of Colorado is the tenth busiest district in the country out of 94 judicial districts")).

As the judge in *Warden* recognized, "[s]taying a case for six months or more while a dispositive motion is being decided merely adds to the delay, uncertainty, and cost in the event the motion is denied." *Id.* There is no reason for the court to anticipate a different result here. The court therefore exercises its discretion to find that the fourth and fifth *String Cheese* factors weigh against a stay and in favor of opening discovery.

## CONCLUSION

Upon a careful consideration of the record, as informed by the *String Cheese* factors, the court finds that each factor weighs against the disfavored approach of staying discovery. It is therefore respectfully **ORDERED** that the Motion to Stay (ECF No. 19) is **DENIED**.[3]

---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

DATED: June 26, 2025                                BY THE COURT:

_____
Susan Prose
United States Magistrate Judge